LOIS REYNOLDS ATKINS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22555. Promulgated August 17, 1950.

*James P. Haffner, Esq.*, for the petitioner.
*H. H. Hart, Esq.*, and *P. Levin, Esq.*, for the respondent.

## OPINION.

MURDOCK, *Judge:* The petitioner testified that she was an equal partner with Fred Morelli from April 1942 until the new partnership

was formed in January 1944, and thereafter she was a partner entitled to a one-fourth interest in the partnership until the property settlement agreement become effective under the decree of divorce. Those partnerships operated the rink. The record does not show how active the petitioner was in the operation of the rink, but she testified that Morelli was seldom there and the inference is that she was frequently there. Certainly the record does not justify a conclusion that she did not contribute valuable services to the operation of the rink after her marriage, although she was no longer manager. The record does not show that the petitioner's distributive share of the net income of the rink for any period was less than the amount determined by the Commissioner. Section 182 provides that the net income of each partner shall include, whether or not distribution is made to him, his distributive share of the income of the partnership.

Agreements made after a partnership interest has been earned do not relieve a partner of income tax on his share of the income already earned. Cf. *Helvering* v. *Horst*, 311 U. S. 112. The petitioner has made some effort to show that she did not receive her full distributive share of the net income of these partnerships. No finding has been made in that connection because it would be immaterial. Furthermore, the evidence is not clear and convincing. Her counsel argues that she should not be taxed as a partner. His reasoning seems to be that she was dominated by her husband and used as a tool by him to evade income tax on income which belonged to him. The petitioner testified that she was required to sign an agreement under which her share of the partnership income would be deposited in the joint account before her husband would permit the partnership agreement dated January 13, 1944, to become effective. However, the evidence does not show that she was forced into the earlier partnership or that the agreement relieved her from income tax on her 25 per cent of the income of the new partnership. She drew the checks on the joint bank account and did not lack control over that account. Her husband was not a member of the first partnership. She may have been dominated by him to some extent. She acted dishonestly in a number of particulars in so far as income tax liability was concerned during the time that she was married to Seltzer. The evidence, carefully considered, does not justify disturbing the determination of the Commissioner that the petitioner was taxable on the full amount of her distributive share of the net income of the two partnerships during the periods here involved.

The remaining question is whether she received income in 1944 from the sale of her one-fourth interest in the partnership created by the agreement dated January 13, 1944. The theory of the Commissioner is that she received $15,000 for that interest. The record does not show what she ultimately received from her husband in payment of the note

of $20,000, and no decision is made herein as to the tax consequences of payments during any year not involved herein. However, the evidence shows that she did not receive the note, the $15,000 or any part of it during 1944, and since she was on a cash basis she would not, on any theory, be required to report any gain in 1944 based upon her husband's promise or obligation to pay her $15,000 at some future time. The Commissioner points to no contrary authority.

*Decision will be entered under Rule 50.*